UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

BRIAN PICKETT and PATRICIA ALEXANDER,

                         Plaintiffs,

              -against-

THE CITY OF NEW YORK and P.O.s JOHN and JANE
DOE #1-50, individually and in their official capacities,
(the names John and Jane Doe being fictitious, as the true
names are presently unknown),

                         Defendants.

-----------------------------------------------------------------------X

**COMPLAINT**

05 Civ. 1567

**JURY TRIAL DEMANDED**

       Plaintiffs BRIAN PICKETT and PATRICIA ALEXANDER, by their attorney, ROSE M. WEBER, complaining of the defendants, respectfully allege as follows:

### PRELIMINARY STATEMENT

       1.     Plaintiffs bring this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of their civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States.

### JURISDICTION

       2.     This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution.

       3.     Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1343.

### VENUE

       4.     Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.     Plaintiffs respectfully demand a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.     Plaintiff BRIAN PICKETT is a Caucasian male, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

7.     Plaintiff PATRICIA ALEXANDER is a Caucasian female, a citizen of the United States, and at all relevant times a resident of the City and State of New York.

8.     Defendant THE CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

9.     Defendant THE CITY OF NEW YORK maintains the New York City Police Department, a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, City of New York.

10.     That at all times hereinafter mentioned, the individually named defendants P.O.s JOHN and JANE DOE #1-50 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

11.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

12.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

13.     Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

## FACTS

14.     On August 31, 2004, at approximately 5:00 p.m., plaintiffs were lawfully present at W. 40th Street and Broadway, in the County, City and State of New York.

15.     At aforesaid time and place, members of the New York City Police Department began indiscriminately arresting everyone present at that location.

16.     Defendant police officers handcuffed plaintiffs and placed them under arrest, despite defendants' knowledge that they lacked probable cause to do so.

17.     Upon information and belief, defendant police officers acted pursuant to an unconstitutional mass arrest policy that directed them to arrest individuals who were participating in or were perceived to be participating in protests against the Republican National Convention.

18.      Defendants transported plaintiffs to Pier 57 in Manhattan, New York.

19.     From Pier 57, plaintiffs were transported to Manhattan Central Booking.

20.     Plaintiff BRIAN PICKETT was held and detained in police custody for approximately twenty-eight hours.

21.     Plaintiff PATRICIA ALEXANDER was held and detained in police custody for approximately forty-nine hours.

22.     Defendants initiated criminal proceedings against plaintiffs despite defendants' knowledge that they lacked probable cause to do so.

23.     As a result of the foregoing, plaintiffs sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of their constitutional rights.

## FIRST CLAIM FOR RELIEF
## <u>DEPRIVATION OF FEDERAL CIVIL RIGHTS UNDER 42 U.S.C. § 1983</u>

24.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs "1" through "23" with the same force and effect as if fully set forth herein.

25.     All of the aforementioned acts of defendants, their agents, servants and employees, were carried out under the color of state law.

26.     All of the aforementioned acts deprived plaintiffs of the rights, privileges and immunities guaranteed to citizens of the United States by the First, Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

27.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with all of the actual and/or apparent authority attendant thereto.

28.     The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, pursuant to the customs, usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

29.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

## SECOND CLAIM FOR RELIEF
## <u>FALSE ARREST UNDER 42 U.S.C. § 1983</u>

30.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "29" with the same force and effect as if fully set forth herein.

31.     As a result of the aforesaid conduct by defendants, plaintiffs were subjected to illegal,

improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

32.     As a result of the foregoing, plaintiffs' liberty was restricted for an extended period of time, they were put in fear for their safety, and they were humiliated and subjected to handcuffing and other physical restraints, without probable cause.

**THIRD CLAIM FOR RELIEF**
**<u>MALICIOUS ABUSE OF PROCESS UNDER 42 U.S.C. § 1983</u>**

33.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "32" with the same force and effect as if fully set forth herein.

34.     Defendants issued legal process to place plaintiffs under arrest.

35.     Defendants arrested plaintiffs in order to obtain a collateral objective outside the legitimate ends of the legal process.

36.     Defendants acted with intent to do harm to plaintiffs without excuse or justification.

**FOURTH CLAIM FOR RELIEF**
**<u>MUNICIPAL LIABILITY</u>**

37.     Plaintiffs repeat, reiterate and reallege each and every allegation contained in paragraphs numbered "1" through "36" with the same force and effect as if fully set forth herein.

38.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

39.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department included, but were not limited to, arresting individuals for peacefully participating in a political protest or for simply being in the vicinity of a political protest.

40.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

41.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

42.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

43.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiffs were unlawfully arrested and detained.

44.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiffs' constitutional rights.

45.     All of the foregoing acts by defendants deprived plaintiffs of federally protected rights, including, but not limited to, the right:

A.     Not to be deprived of liberty without due process of law;

B.     To be free from seizure and arrest not based upon probable cause;

C.     To be free from malicious abuse of process;

D.     Not to have cruel and unusual punishment imposed upon them; and

E.     To receive equal protection under the law.

46.     As a result of the foregoing, plaintiff BRIAN PICKETT is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) and is further entitled to punitive

damages against the individual defendants in the sum of five million dollars ($5,000,000.00).

47.    As a result of the foregoing, plaintiff PATRICIA ALEXANDER is entitled to compensatory damages in the sum of five million dollars ($5,000,000.00) and is further entitled to punitive damages against the individual defendants in the sum of five million dollars ($5,000,000.00).

**WHEREFORE**, plaintiff BRIAN PICKETT demands judgment in the sum of five million dollars ($5,000,000.00) in compensatory damages and five million dollars ($5,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

**WHEREFORE**, plaintiff PATRICIA ALEXANDER demands judgment in the sum of five million dollars ($5,000,000.00) in compensatory damages and five million dollars ($5,000,000.00) in punitive damages, plus reasonable attorney's fees, costs, and disbursements of this action.

Dated:    New York, New York
          February 4, 2005

                                    _____/s_____
                                    ROSE M. WEBER (RW 0515)
                                    225 Broadway, Suite 1608
                                    New York, NY 10007
                                    (212) 748-3355